UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN -3 2014
Clerk, U.S. District and
Bankruptcy Courts

JEFFREY M. HILLIARD, )
)
Plaintiff, )
)
v. ) Civil Action No.
) 14-26
AMTRAK, *et al.*, )
)
Defendants. )

**MEMORANDUM OPINION**

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals.

Plaintiff has submitted a document titled "Initial Joinder of Parties," to which he attaches a copy of a civil complaint submitted to the Clerk of Court on October 23, 2013 and a copy of



1

his application to proceed *in forma pauperis*. He also has submitted three additional documents titled "Plaintiff's Motion and Notice of Motion for Mediation and Discussion of Settlement Options supported by Memorandum of Law," "Plaintiff's Rebuttal of Defendant's Position," and "Plaintiff's First Amended Pleading." The Court has reviewed these documents and concludes that plaintiff intends to bring an employment discrimination claim against Amtrak, the company which allegedly refused to hire plaintiff because of his age.

Missing from plaintiff's submissions, however, are any factual allegations to support such a claim. Plaintiff discusses at length his professional qualifications, alleged violations of the United States Constitution and assorted United Nations Conventions, and his desire to mediate his dispute, yet he fails, for example, to state his age, or the positions for which he applied, or the dates on which he applied, or a description of the harms he has suffered as a result of Amtrak's action (or inaction). Plaintiff's submissions do not give fair notice to the defendant of the claim being asserted that is sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Nor do his submissions plead sufficient factual allegations to state a plausible age discrimination claim. Accordingly, the Court will dismiss the complaint without prejudice.

An Order consistent with this Memorandum Opinion is issued separately.

/s/
United States District Judge

DATE: 12/28/13